*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0189**

Robert P. Lindstrom,
Appellant,

vs.

Progressive Direct Insurance Company,
Respondent

**Filed August 22, 2016
Affirmed
Halbrooks, Judge**

Washington County District Court
File No. 82-CV-15-1223

Stephanie M. Balmer, Falsani, Balmer, Peterson, Quinn & Beyer, Duluth, Minnesota (for appellant)

Stephen M. Warner, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Bratvold, Presiding Judge; Halbrooks, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

Appellant insured challenges the district court's grant of summary judgment to respondent insurer in appellant's declaratory-judgment action, arguing that genuine issues

of material fact exist and that the district court erred by granting summary judgment when discovery had not yet closed. We affirm.

## FACTS

On March 9, 2010, appellant Robert P. Lindstrom applied by phone and obtained a six-month automobile policy from respondent Progressive Direct Insurance Company, giving his mother's address instead of his own. Lindstrom apparently provided his e-mail address to receive certain communications from Progressive, and his insurance application was signed electronically on March 14. The signed application contains an error in the last two digits of Lindstrom's mother's zip code. The application also contains a "[v]erification of content," which states: "I declare that the statements contained herein are true to the best of my knowledge and belief."

Lindstrom's mother made the initial premium payment of $141.25. Sometime in March 2010, Lindstrom received insurance-policy documents and identification cards, which Progressive had mailed to the address listed on the application. On March 24, Progressive mailed a premium bill to Lindstrom at the address listed on the application, and Progressive e-mailed the bill to Lindstrom the next day. Lindstrom contends that he did not receive the bills. Neither Lindstrom nor his mother made the premium payment by the April 9 due date.

On April 13, 2010, Progressive mailed a notice of cancellation for nonpayment of premium to the address listed on the application and policy. The notice is titled "Cancellation Notice" in large, bold print and states:

2

Unfortunately, we didn't receive your payment and, as a result, your policy will be canceled at 12:01 a.m. on April 26, 2010.

Please know that this means you will no longer have insurance coverage.

We value you as a customer and want to continue being your insurance provider. To avoid cancellation, please send us your payment by check or money order so that it is received or postmarked by 12:01 a.m. on April 26, 2010. This way, there will be no lapse in your coverage.

No payment was made by April 26, and Lindstrom did not respond to final bills dated April 27 and May 17, which state that the auto policy was cancelled as of April 26.

On June 8, 2010, Lindstrom was involved in an automobile collision, which he reported to Progressive, seeking coverage. Progressive informed Lindstrom that his policy had been cancelled and that Progressive would not cover any losses arising from the collision. Lindstrom subsequently brought an action against Progressive, seeking a declaration that the policy was in effect on the date of the collision. Progressive moved for summary judgment, which the district court granted, dismissing with prejudice Lindstrom's declaratory-judgment action. Lindstrom now appeals.

## D E C I S I O N

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, establishes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Citizens State Bank Norwood Young Am. v. Brown*, 849 N.W.2d 55, 61 (Minn. 2014). "The party moving for summary judgment has the burden to show that there is no genuine issue of material fact

and that it is entitled to judgment as a matter of law." *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 364 (Minn. 2009).

> But to raise a genuine issue of material fact the nonmoving party must present more than evidence which merely creates a metaphysical doubt as to a factual issue and which is not sufficiently probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions.

*Id.* (quotation omitted). "[Appellate courts] review a district court's decision to grant summary judgment de novo to determine whether any genuine issue of material fact exists and whether the district court correctly applied the law." *Citizens State Bank*, 849 N.W.2d at 61.

Under Minnesota law, an insurer may cancel an automobile insurance policy during the policy period for nonpayment of premium. Minn. Stat. § 65B.15, subd. 1 (2014). For cancellation based on nonpayment of premium to be effective, the insurer must give ten-days' notice and specify the reason for cancellation. Minn. Stat. § 65B.16 (2014). "Proof of mailing of notice of cancellation . . . and . . . the reason or reasons therefor to the named insured at the address shown in the policy, shall be sufficient proof that notice required herein has been given." Minn. Stat. § 65B.18 (2014); *see Evans v. Gov't Emps. Ins. Co.*, 257 N.W.2d 689, 691-92 (Minn. 1977) (noting that the Minnesota Legislature rejected common-law rule requiring actual notice of cancellation of automobile insurance policy by enacting section 65B.18, which established a "mailing requirement deemed sufficient by the legislature to provide notice to an insured"). Here, it is undisputed that Lindstrom received a copy of his automobile insurance policy at the address listed on the application.

4

It is also undisputed that after Lindstrom failed to pay the premium, Progressive mailed a notice of cancellation to the address listed on the policy—the same address it mailed the initial policy documents to.

Lindstrom argues that evidence that he did not *receive* the notice of cancellation of his automobile insurance policy or bills for the policy premium creates genuine issues of material fact that preclude summary judgment. But actual notice of cancellation is not required. Minn. Stat. § 65B.18; *Evans*, 257 N.W.2d at 691-92. And an insurer's cancellation of an automobile insurance policy for nonpayment of premium is not conditioned on the insured's receipt of a premium bill. *See Caduff v. Universal Underwriters Ins. Co.*, 381 N.W.2d 9, 12 (Minn. App. 1986) ("We decline to hold that proof of receipt of a premium bill is necessary to support a cancellation based on nonpayment of premium under the statute."), *review denied* (Minn. Mar. 27, 1986). Consequently, any factual dispute as to Lindstrom's receipt of the cancellation notice or the bills is not material. *See Sayer v. Minn. Dep't of Transp.*, 790 N.W.2d 151, 162 (Minn. 2010) ("A fact is material for purposes of summary judgment if its resolution will affect the outcome of the case." (quotation omitted)). The district court properly determined that there was no genuine issue of material fact with respect to the mailing of the notice of cancellation.

Lindstrom argues that even if the April 13, 2010 notice of cancellation was otherwise effective, later communications sent by Progressive rendered the cancellation void. Lindstrom relies on evidence of communications, which he largely denies receiving, relating to Lindstrom's request to add a vehicle to the policy. Lindstrom is correct that a

cancellation notice "which in any manner is ambiguous or evasive and therefore falls short of announcing an actual and unqualified cancellation as of a definite time if the premium is then unpaid[] is invalid and does not terminate the policy or the liability of the insurer thereunder." *Cormican v. Anchor Cas. Co.*, 249 Minn. 196, 203-04, 81 N.W.2d 782, 788 (1957). And in *Caduff*, we concluded that "[t]he timing and sequence of the insurer's cancellation notice in a course of correspondence with the insured rendered the notice equivocal and therefore ineffective." 381 N.W.2d at 13.

But in *Caduff*, the confusion arose because the notice of cancellation was mailed to the insured three days after the insured requested to transfer coverage to a different vehicle. *Id.* at 11. The insurer mailed documents relating to the requested transfer of coverage after it sent the notice of cancellation. *Id.* The insured testified that he believed "[the insurer] was cancelling the policy on the [first vehicle] and reissuing a policy on the [second vehicle], which was just exactly what [the insured] wanted." *Id.* (quotation omitted).

Here, Lindstrom requested in late March to add a vehicle to the policy. He would have had no reason to understand the April 13, 2010 cancellation notice—had he received it—as a memorialization of the March 29 coverage addition. Moreover, the cancellation notice was followed by two final bills stating that "[Lindstrom] no longer ha[d] insurance with [Progressive], effective April 26, 2010."

Finally, Lindstrom argues that the district court erred by granting summary judgment before the discovery deadline set by the court's scheduling order had passed. A party may serve and file a motion for summary judgment "at any time after the expiration of 20 days from the service of the summons." Minn. R. Civ. P. 56.01. A party opposing

6

summary judgment may request an opportunity to conduct additional discovery before the district court rules on the motion. Minn. R. Civ. P. 56.06. A nonmoving party's failure to file a rule 56.06 affidavit, "by itself, justifies the district court's decision to rule on the [summary-judgment] motion without granting relief under rule 56.06." *Molde v. CitiMortgage, Inc.*, 781 N.W.2d 36, 45 (Minn. App. 2010). Here, Lindstrom failed to file a rule 56.06 affidavit. Because Lindstrom failed to file an affidavit, the district court did not abuse its discretion in ruling on Progressive's summary-judgment motion without further opportunity to conduct discovery.

Because the undisputed facts show that the notice of cancellation was effective, the district court properly determined that the policy was cancelled as of April 26, 2010. The district court properly granted summary judgment to Progressive on Lindstrom's claim that the policy was in effect on June 8, 2010. *See Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn. 1995) ("A defendant is entitled to summary judgment as a matter of law when the record reflects a complete lack of proof on an essential element of the plaintiff's claim.").

**Affirmed.**